IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 22-03014-02-CR-S-BP |
| | ) | |
| DARRELL L. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATIONS, AND DENYING MOTION TO QUASH SEARCH WARRANT AND SUPPRESS EVIDENCE**

In August 2019, a search warrant was executed at Defendant Darrell Smith's residence. Based on the items seized, Smith was indicted on one count of conspiring to distribute a mixture or substance containing a detectable amount of fentanyl, one count of possessing a mixture or substance containing a detectable amount of fentanyl with the intent to distribute, and one count of possessing firearms in furtherance of a drug trafficking crime. (Doc. 1, pp. 1-3.) On September 26, 2022, Smith filed a Motion to Quash Search Warrant and Suppress Evidence, arguing the warrant was issued without probable cause. (Doc. 39.) Once the Motion was fully briefed, the Honorable David P. Rush, United States Magistrate Judge for this District, held a hearing on February 16, 2023, and subsequently issued a Report and Recommendations (the "Report"), suggesting the Motion be denied. (Doc. 69.) Smith objects to the Report, (Doc. 70), and the Government has responded, (Doc. 71.)

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' pre-hearing submissions, the hearing's transcript and exhibits, Smith's objections, and the Government's response. Having conducted this review, the Court **OVERRULES** Smith's objections, **ADOPTS** the Report as its Order, and **DENIES** the

Motion to Quash Search Warrant and Suppress Evidence. The following discussion is intended to augment, not supplant, the Report's recommended findings and conclusions.

## I. BACKGROUND

On August 15, 2019, Officer Steven Hartman applied for a warrant authorizing Smith's residence to be searched for various drug-related items and illegal firearms. He provided a probable cause affidavit, which, in part, stated:

1. Police had recently been contacted by a confidential source ("CS1"), who stated Eugene Sanders, a co-defendant in this case, was selling heroin and often conducted transactions in business parking lots;

2. CS1 had "previously provided information leading to the seizure of heroin, numerous felony arrests and several narcotic related search warrants";

3. Another confidential source ("CS2") had told police that Saunders and Smith were selling heroin together and that Smith's residence (2260 South Fremont Avenue, Apartment 3, Springfield, Greene County, Missouri) was sometimes used to store and package heroin;

4. CS1 and CS2 were familiar with the local drug culture due to past use and life experience;

5. Police surveilled Saunders and observed him at Smith's residence;

6. Thereafter, police followed Saunders to a public parking lot and witnessed a female enter his vehicle for roughly one minute;

7. Based on training and experience, the officers believed a drug transaction had occurred;

8. Officers then stopped the female, who was subsequently identified as Destini Smiles;

9. Smiles said she had purchased heroin from Saunders, typically did so daily, and had also recently purchased heroin from Smith;

10. During the stop, officers recovered a syringe containing a light-colored liquid, which, based on training and experience, was suspected to be heroin; and

11. Investigation confirmed the utilities for the South Fremont Avenue address were registered to Smith.

(Doc. 39-1, pp. 2-3.) Based on the application, a search warrant was issued and later executed, leading to seizure of a distributable amount of fentanyl and eight firearms.

## II. DISCUSSION

The Fourth Amendment protects individuals "against unreasonable searches and seizures" and, as relevant here, provides "no warrants shall issue, but upon probable cause, supported by oath or affirmation[.]" Smith contends the search of his residence violated the Fourth Amendment because the warrant was issued without probable cause. More precisely, he asserts the statements by CS1 were unhelpful because only Saunders was mentioned and argues Officer Hartman's affidavit failed to sufficiently establish CS2 and Smiles were reliable or to provide the basis of their knowledge. Smith also attempts to use other information to undermine the reliability of CS2 and Smiles. Namely, he (1) states he is a private individual and could confirm CS2 had not been in his residence to observe drugs; (2) offers another explanation for the interaction between Saunders and Smiles; and (3) explains a lab test of the syringe recovered during the traffic stop revealed it did not contain drugs.

"Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. DeFoggi*, 839 F.3d 701, 706 (8th Cir. 2016) (quotation omitted). To determine whether probable cause is present, courts analyze the totality of the circumstances, utilize common sense, and "may draw reasonable inferences . . . ." *Id.* (quotation omitted). Further, "probable cause is determined based on the information before

3

the issuing judicial officer," and courts afford "great deference to the issuing judge's determination that the affidavit established probable cause." *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009) (cleaned up).

When a probable cause determination is based upon the statement of an informant, "the core question is whether the information is reliable." *United States v. Keys*, 721 F.3d 512, 518 (8th Cir. 2013) (cleaned up). However, an "informant's reliability, veracity, and basis of knowledge are relevant considerations[,] . . . not independent, essential elements[.]" *United States v. Knutson*, 967 F.3d 754, 758 (8th Cir. 2020) (quotation omitted). Importantly, "[w]hen an informant has provided reliable information in the past or where his tip was independently corroborated, a court may deem the informant's tip sufficiently reliable to support a probable cause determination." *United States v. Caswell*, 436 F.3d 894, 898 (8th Cir. 2006). And, "[i]f information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, though uncorroborated, is also reliable." *Keys*, 721 F.3d at 518 (quotation omitted); *see also United States v. Buchanan*, 574 F.3d 554, 562 (8th Cir. 2009).

Upon review, the Court finds the warrant authorizing the search of Smith's residence was supported by probable cause. Smith's arguments against Officer Hartman's affidavit improperly analyze the pieces of information in isolation, failing to consider the totality of the circumstances and to account for how the statements of CS1, CS2, and Smiles reinforce each other. More importantly, Smith does not discuss the corroboration provided by the police's independent investigation. Reviewed properly, Officer Hartman's probable cause affidavit contained statements from two confidential sources, who were familiar with the local drug culture and who provided information indicating Saunders was dealing heroin, Smith was involved, and Smith's

residence was sometimes used for drug-related activities. The affidavit also detailed an independent investigation, during which the police (1) observed Saunders engaging in a what appeared to be a drug transaction shortly after leaving Smith's residence and (2) spoke to Smiles, who said Smith had recently sold her heroin. All the information contained in Officer Hartman's affidavit was consistent, and, when considered together, it established probable cause to search Smith's residence.

As for the additional information Smith provides, it cannot be considered here, as none of it was before the judge who issued the warrant. Regardless, requiring officers to discover, and the issuing judge to consider, such material is inconsistent with the probable cause standard. *United States v. Miller*, 11 F.4th 944, 953 (8th Cir. 2021) ("[Probable cause] does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." (quotation omitted)); *see also United States v. Meyer*, 19 F.4th 1028, 1032 (8th Cir. 2021); *United States v. James*, 3 F.4th 1102, 1104 (8th Cir. 2021). Instead, Officer Hartman's probable cause affidavit needed only to demonstrate a fair probability that contraband or evidence of a crime would be found at Smith's residence, and it satisfied that standard.

Even assuming the warrant was not supported by probable cause, the Court finds the evidence seized from Smith's residence need not be suppressed. Exclusion of evidence is not necessary "'when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope,' even if the warrant is subsequently invalidated." *United States v. Cannon*, 703 F.3d 407, 412 (8th Cir. 2013) (quoting *United States v. Leon*, 468 U.S. 897, 920-21 (1984)).

5

Case 6:22-cr-03014-BP   Document 73   Filed 06/27/23   Page 5 of 6

However, certain circumstances preclude a finding of good faith. *Id*. Smith argues two such circumstances are present here. First, he asserts Officer Hartman misled the issuing judge by supplying information with reckless disregard for its truth, in that Officer Hartman should have further investigated Smiles's credibility and could have waited for the syringe to be tested before seeking a warrant. Second, Smith argues the issuing judge abandoned his detached and neutral role and acted as a rubber stamp by failing to ask Officer Hartman about various topics, such as how he knew CS1, CS2, and Smiles were reliable and whether the syringe's contents had been tested.

The Court rejects these arguments. Again, the statements of three sources—CS1, CS2, and Smiles—reinforced one another and were consistent with independent police investigation. In these circumstances, Officer Hartman did not act with reckless disregard for the truth[1] and the issuing judge did not abandon his judicial role.

### III.  CONCLUSION

The Court **OVERRULES** Smith's objections, (Doc. 70); **ADOPTS** the Report, (Doc. 69), in its entirety as augmented by the above discussion; and **DENIES** Smith's Motion to Quash Search Warrant and Suppress Evidence, (Doc. 39.)

**IT IS SO ORDERED.**

DATE: June 27, 2023

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] In making this argument, Smith briefly references his other challenges to the affidavit. To the extent he asserts Officer Hartman supplied other information with reckless disregard for its truth, his contention is rejected for the same reasons.