IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 22-03014-02-CR-S-BP |
| vs. | ) | |
| | ) | |
| DARRELL L. SMITH | ) | |
| | ) | |
| Defendant. | ) | |

**<u>PRELIMINARY ORDER</u>**

Before the Court are six pending Motions in Limine from Defendant, wherein Defendant seeks to exclude from evidence at trial certain text messages and video. The Government has responded. The Court has considered all briefing as well as oral argument during the initial pretrial conference in this matter. The Court will address each text message and video in the order described in Defendant's Motions. The parties are reminded that these are preliminary rulings that may change based on evidence presented at trial. The evidence prohibited by this Order shall not be subject for use by any party any statement, testimony, cross-examination, or otherwise without first approaching the bench.

i. **Defendant's First Motion in Limine is GRANTED IN PART, DENIED IN PART**

   a. Sustained.

   b. Sustained.

   c. Overruled as to the following text: "Don't forget all I have is proof and think I don't slide several pics of you lol and gene go ahead Darrell cause we could take this the very hard way cause I'm angry so I need a break to calm down. But hey, so be it.

1

And the video was held at your house with your shit that I've taken plenty of pics in software that's never gonna be deleted." As to the remaining language in Ms. Williams' July 2, 2019 11:19PM text message, however, Defendant's Motion is sustained.

d. Overruled as to the following text: "Darrell I have you bagging shit at genes house at your house have you and gene sitting there with it all In the fucking table darrell I have enough to put you two in prison" based on Federal Rule of Evidence 801(d)(2)(e) and the Court's holding in *United States v. Lewis*, 759 F.2d 1316, 1339 (8th Cir. 1985), where the Eighth Circuit found that "801(d)(2)(E) applies to both unindicted and unnamed coconspirators." The remainder of Ms. Williams' July 3, 2019 12:01AM text message is, however, not admissible.

e. Sustained.

f. Sustained.

g. Overruled based on Federal Rule of Evidence 801(d)(2)(e) and the Eighth Circuit's holding in *Lewis*.

h. Sustained.

i. Sustained.

j. Sustained.

k. Sustained.

l. Sustained. 801(d)(2)(E) is inapplicable because this statement is not made in furtherance of the alleged conspiracy.

m. Moot, as the Government indicated it does not intend to introduce this evidence.

n. Overruled as to the following text: "all this gonna do is get you and gene put away nigga you had more the a pound of white china" based on 801(d)(2)(E) and *Lewis*. As to the remainder of Ms. Williams' August 12, 2019 12:39pm text message, Defendant's Motion is sustained.

o. Moot, as the Government indicated it does not intend to introduce this evidence.

p. Moot, as the Government indicated it does not intend to introduce this evidence.

ii. **Defendant's Second Motion in Limine is GRANTED IN PART, DENIED IN PART**

a. Overruled as to Defendant's statement, "I'll go ahead and show them the video of you bagging up H and filing a police report" and Ms. Williams' statement, "Lol yea so i could show them my video of you doing it." Sustained as to the remainder of the April 5, 2019 text message exchange between Defendant and Ms. Williams.

b. Overruled.

c. Sustained.

d. Overruled as to Defendant's statement, "Any pictures you have means you took them you knew about it and you was ok with it plus my video means you was involved in it." Sustained as to the remainder of Defendant's July 3, 2019 9:07AM text message.

e. Sustained.

f. Moot, as the Government indicated it does not intend to introduce this evidence.

g. Moot, as the Government indicated it does not intend to introduce this evidence.

h. Moot, as the Government indicated it does not intend to introduce this evidence.

i. Moot, as the Government indicated it does not intend to introduce this evidence.

iii. **Defendant's Third Motion in Limine is DENIED.**

    a. 1a: Overruled.

    b. 1b: Overruled.

    c. 2a: Overruled on the Government's assurance of an expert to explain the meaning of the quoted language.

    d. 2b: Overruled on the Government's assurance of an expert to explain the meaning of the quoted language.

    e. 2c: Overruled on the Government's assurance of an expert to explain the meaning of the quoted language.

iv. **Defendant's Fourth Motion in Limine is MOOT.**

    a. Moot based on the Government's stated intent to call Ms. Smile as a witness.

v. **Defendant's Fifth Motion in Limine is DENIED.**

    a. Overruled based on the Government's stated intent to call a voice expert to attest to the nature of the voice in the recording at issue pursuant to Rule of Evidence 901(b)(5).

vi. **Defendant's Sixth Motion in Limine is MOOT.**

    a. The Government indicated it does not intend to introduce the evidence at issue in Defendant's Sixth Motion in Limine.

**IT IS SO ORDERED.**

DATED: January 3, 2024          <u>  */s/ Douglas Harpool*          </u>
                                **DOUGLAS HARPOOL**
                                **UNITED STATES DISTRICT JUDGE**